IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMIEN ALLEN NICKERSON,

        Petitioner,

   v.

RICHARD IVES,

        Respondent.

Case No. 3:16-cv-00806-SU

FINDINGS AND RECOMMENDATION

    Damien Allen Nickerson
    09269-046
    FCI-Sheridan
    PO Box 5000
    Sheridan, OR 97378

        Petitioner, *Pro Se*

    Billy J. Williams
    United States Attorney
    Jared Hager, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

On March 7, 2007, petitioner was convicted of conspiracy to commit bank fraud and aggravated identity theft leading the District of Montana to sentence him to 36 months in prison. On September 27, 2007, and also in the District of Montana, petitioner was convicted of conspiracy to distribute methamphetamine. The District Court sentenced petitioner to 210 months in prison (later reduced to 168 months),[1] and ordered the sentence to run concurrently with petitioner's prior sentence. Declaration of Alan Ray, p. 2. At sentencing on the methamphetamine conviction, the trial judge stated that it was his intention that the later sentence run "entirely concurrently with" the earlier 36-month sentence:

> Of course, Mr. Nickerson is looking at a minimum of a ten-year sentence, and the 210 to 262 months, under all the circumstances, if it's run concurrently, I believe, is a reasonable sentence.

---

[1] On June 15, 2015, the District of Montana issued an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). This resulted in a reduction from 210 months to 168 months. Ray Declaration, Att. 5. The court will simply refer to the methamphetamine sentence as 168 months.

2 - FINDINGS AND RECOMMENDATION

> There is a policy statement from the Sentencing Commission that's required to be considered, and in March of this year Mr. Nickerson was sentenced to 36 months of imprisonment followed by three years of supervised release in Criminal Cause 06-45-M-DWM.
>
> According to the U.S. sentencing Guidelines, section 5G1.3, in any other case involving an undischarged term of imprisonment, the sentence of the instant offense may be imposed to run concurrent, partially concurrent or consecutively to a prior term of imprisonment to achieve a reasonable punishment in the instant offense.
>
> And I'm going to run this sentence in its entirety concurrently with CR 06-774-M-DWM, and that will, I think, accomplish the goal of a reasonable punishment and a reasonable sentence, taking into account all of the requirements of the Congress.
>
> I also believe that, in this particular case, we're going to end up with the situation being turned on its head because of the cooperation of other individuals involved; they're going to end up with lesser sentences. And as a consequence, Mr. Nickerson, who did not have a role similar to those of others who will get lesser sentences, is going to end up doing more time. And again, that's a reflection, I think, of what at least appears, superficially, to be a problem with punishing people who go to trial. But I have been able to accommodate that, in my mind, with a reasonable sentence by applying the policy statement of 5G1.3.

Petitioner's Exhibit A, pp. 31-32.

3 - FINDINGS AND RECOMMENDATION

The Bureau of Prisons ("BOP") aggregated both of petitioner's sentences on September 27, 2007, the date of his sentencing on the methamphetamine conviction. As a result, while the sentences ran concurrently, the BOP's aggregated sentence exceeded the 168-month methamphetamine sentence by the six months and 20 days separating petitioner's first and second sentencings. *Id* at 4. Petitioner believes he is entitled to receive credit toward his 168-month methamphetamine sentence for the entire duration of the time he has served on his 36-month sentence, including the time between his two federal sentencings. Put another way, petitioner claims the sum total of his aggregated sentence should be 168 months (14 years), and that the BOP is requiring him to overserve the sentence intended by the District of Montana by six months and 20 days.

## DISCUSSION

Pursuant to 18 U.S.C. § 3585(a), an inmate's sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Time spent in detention prior to the date a sentence commences can only be credited against one sentence. 18 U.S.C. § 3585(b). In this respect, respondent claims the District of Montana could not have run petitioner's 36-month and 168-month sentences "fully

4 - FINDINGS AND RECOMMENDATION

concurrently" in the manner petitioner seeks because it would have required it to give petitioner credit for service of a sentence that had not yet been imposed.

According to petitioner, it is clear from the sentencing transcript pertaining to his methamphetamine conviction that the judge intended to run the sentence concurrently in its entirety with his 36-month sentence, but the BOP refuses to do so. Petitioner asserts that the BOP may, in fact, impose later sentence fully concurrently with a previously imposed term of incarceration as shown by *Schleining v. Thomas*, 642 F.3d 1242 (9th Cir. 2011).

*Schleining* involved an inmate who sought good-time credits under 18 U.S.C. § 3624(b)(1) for time he served in state prison on state charges before he was sentenced on a related charge in federal court. The Ninth Circuit concluded he was not eligible to accrue such good-time credits. In doing so, the Ninth Circuit noted that "[t]he other circuits to address the question (the Second and Fifth) have established a bright line rule: a federal sentence cannot be 'backdated' so as to commence before the district court imposed the federal sentence." *Id* at 1247 (citations omitted). It specifically discussed *U.S. v. Flores*, 616 F.2d 840 (5th Cir. 1980), wherein the petitioner pleaded guilty to multiple drug charges on two different dates, and

5 - FINDINGS AND RECOMMENDATION

claimed his latter sentence should have been backdated to make it truly concurrent with the earlier sentence. The Fifth Circuit determined that Flores' sentences "could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Id* at 841. The Ninth Circuit found this reasoning to be sound. *Schleining*, 642 F.3d at 1248.

Petitioner points out that although the petitioner in *Schleining* was not eligible for good-time credit for time spent in state custody, the federal trial judge nevertheless used USSG § 5G1.3 to adjust the defendant's sentence for the 21 months he had already served in state prison on related crimes, decreasing the sentence from 115 months to 94 months.[2] *Schleining*, however, involved an earlier state sentence, not a federal sentence governed by the restrictions of § 3585.

Petitioner also directs the court to *Wilson v. United States*, 637 Fed. Appx. 549 (11th Cir. 2016), and claims that his issue "is the exact error that the Eleventh [Circuit] corrected in a per curiam opinion in Wilson. . . ." Reply (#6), p. 2. *Wilson*, however, also involved a situation where the petitioner

---

[2]  As evidenced by *Schleining*, USSG § 5G1.3 permits a federal court, under certain circumstances, to run a federal sentence fully and retroactively concurrently with a state sentence.

6 - FINDINGS AND RECOMMENDATION

asked to be credited with time spent serving a state sentence toward his federal criminal sentence. In this regard, petitioner provides no authority for the proposition that a federal judge may use the Sentencing Guidelines to backdate a federal sentence such that it runs concurrently with a previously imposed federal sentence in a retroactive manner.

Moreover, it is not entirely clear from the record that it was the intent of petitioner's sentencing judge to backdate the latter federal sentence to the former. The judge directed that the latter sentence run concurrently with the earlier sentence, but did not state that it would commence retroactively or that the term of imprisonment for the methamphetamine conviction was to constitute the entire term of petitioner's incarceration for both sentences. While such a reading might be inferred from the judge's statements, this assumes the judge was not aware of the limitations imposed by § 3585. In this respect, it is more appropriate to infer that the judge did not wish to run the earlier 36-month sentence consecutively in any part beyond the six months and 20 days that separated the sentences' imposition. For all of these reasons, relief on the Petition should be denied.

///

///

7 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be denied and a judgment should be entered dismissing this case with prejudice.

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of November, 2016.

                /s/Patricia Sullivan
                Patricia Sullivan
                United States Magistrate Judge